Our next case on the docket for this morning is number 21 14029 Bobby Cantrell v. Daca Specialty Services I'm James Thatcher, I'm the representative for the lawyer for Mr. Cantrell. Substantial evidence that proved age discrimination was excluded during the trial. The evidence that an appellant would have introduced was produced to an appellant from the appellant's attorney during discovery. The jury instructions were erroneous. This is number two. The court erred when it gave instructions including Doug Sanders was retained to take his place when in fact it was a McDonnell Douglas rift and nobody took his place. And since there was no person that took his place, we do not have to show that a younger person took his place. What's the court? A point of clarification Mr. Thatcher, is that your only complaint? I'm having a little trouble understanding your complaint about the jury instructions. Is it that by talking about Mr. Sawyer it was implying that he had to take his place? Is that your objection? Well the court allowed him to do that. He instructed the jury that if he was there and that he had in fact taken Mr. Caldwell's place. So you're saying that by including that in the instruction that the court was mistakenly The 11th circuit does not require us to produce that part of the McDonnell Douglas and so we were not prepared to do that. In fact, nobody did take his place. I also have a question of a point of clarification on your evidentiary argument. What are the specific pieces of Our tabs are tab G, tab H, and tab I. Those are the three pieces of evidence that we obtained from discovery from the other side that stated that the defendants had discriminated against our client. It says over and over in these papers that everybody in the rift was over 40 years old. And the court basically said, well that doesn't matter. And we had testimony from Mr. Holloway that explained that the... I think you need to tell us what tab G, H, and I are. I assume one of them is the chart with the four names. Oh, okay. You had a chart with four names on it that were rifted. You said the chart showed they were over 40. Is that one of G, H, and I? Tab H is the interoffice chart. So that's the chart. That's the chart. There's a cover email. Which one is that? A cover email to some other document. Is that one of these three? That is tab H, G. It's tab G. Is that the one that says I believe all the employees are over 40? Yes. Okay. And tab I is the interoffice document that was attached to an email about the rift. And it proves that the rift was not a rift until 10 days after they'd already fired those four people. I've got another question. I'm concerned on the evidentiary issues that you may have forfeited the argument. Tell me, I've seen your brief on pages 12 and 13. There's a paragraph describing the evidence and saying that the judge disallowed it. But correct me if I have missed what your argument was about why that evidence should have been allowed in. Okay. We cited it. It's admissible under the rules of evidence. But where in your brief do you argue that? I really don't know. I don't have my brief up here. I've just got my Okay. I'll show it to you later. Thank you. No problem. The evidence specifically showed internal emails discussing the four employees that were terminated as a part of the rift were all over 40 years of age. And that's tab G. An internal chart from DACA showing all the non-selected employees were under 40 years of age and the selected employees that were included in the alleged rift were all over 40 years of age. Tab H and an inner office document that was attached to an email about the rift. And at that point it proves that it was done 10 days after they actually had fired my clients. Tab I heard that the district court disallowed evidence to prove the rift was a front, a pretext. We should have been given the opportunity to prove that it was a pretext if it was not direct evidence. We believe that it was direct evidence. But we could also prove by direct evidence that there was a pretext as to whether or not they were individuals, whether they were firing old people or not. And of course that's what is at issue here is whether they were discriminated against the older people. And in this case 100% of the people who were fired, which may not be, I think is a pretty good statistic, nobody can argue with 100%, were over 40. The short rule that the documents, these documents were inadmissible hearsay. And the trial court ruled, let's see, the documents that the appellant plans to present to the jury showed the correlation between Mr. Mansfield, the decision maker, who fired Mr. Cantrell. Statements to Mr. Callaway about a person's salary, age, being close to retirement, every person that was terminated in part of the alleged rift was over 40 years old. One email that was produced during the discovery from the appellant showed that rift paperwork was not completed until 10 days later. I think I made that point. The Federal Rules of Evidence 803-6 allow the emails and evidence, records of regularly conducted activity, a record of an act, event, condition, opinion, or diagnosis. If the record was made at or near, I'm sorry somebody's talking, I got a feedback here, I thought it was y'all. The record was made at or near the time by or from information transmitted by someone with knowledge. We had that. The record was kept in the course of regularly conducted activity. We had that. Making the record was a regular practice of the activity, and of course business records are kept, and emails are kept. Do you think that any email is a business record? Well, I don't know, but I'm sure these are. So you don't have an opinion on the admissibility of emails generally? Yeah, I think generally they are. I think certainly if it's in connection with the actual work that's being conducted and being passed around by the different people, it's part of it. That would be a pretty big expansion of the records rules, wouldn't it? So I think the record says, I mean the law says, that it doesn't have to be like in the old days when we had to have a person with a talking, with the authority to be a talking representation. It can be anybody in the agency or whatever company that's making these statements as long as he's participating in the activity that we're offering this for. The records, 902.11 allows the, oh well, it has to do with certification. The records made at or near the time are from information transmitted by someone with knowledge. That's all that's required. Doesn't have to be a president or vice president or anybody like that. Let's see, the exhibits did not, did concern the agency of the declarant. The trial court erred when it ruled that appellant's evidence is hearsay and inadmissible. In a business transaction where everybody is participating and they're passing this stuff around, that is part of the decision-making process. We believe the admissible. The jury instructions were erroneous. The jury instructions should not have included that Sawyer was retained as an employee and that he was older than the appellant at the time of the trial. Mauder versus Harding Corporation, 825 F 2nd, 1554. The 11th circuit recognized the problem and the 11th circuit has held that such plaintiffs need not point to a younger replacement. Instead, they must prove evidence that could lead a fact finder reasonably to conclude that an employer intended to discriminate on the basis of age. We have a lot of evidence of that, Mr. Cantrell's. Mr. Satcher, do you want to save the rest of your time for rebuttal because you're running into your rebuttal time now? Okay, yes, I'll do that. Thank you. May it please the court, your honors, Peter Farley and Elizabeth Redpath on behalf of for the defendant that there was insufficient evidence of age discrimination. This appeal is completely without merit. First, on the evidentiary issues, your honor, the appellant waived all of the arguments that he just made about exceptions to the hearsay rule or that these documents were not hearsay. They're not in his opening brief. They first appear in his reply brief. He didn't make them below the motion in limine opposition completely amidst them, and he's wrong on the law on both of the emails. On the chart, the same issue exists. He failed to properly establish or argue that that chart should be admitted. It's for people who were included in an OWVPA disclosure. This court has repeatedly found that's insufficient for plaintiff. The appellant never established any analytical foundation for which that evidence should be admitted. On what grounds do you think the district court excluded that evidence? The court said specifically that the number of four individuals on an OWVPA disclosure was too small, and it didn't have a proper analytical foundation. The plaintiff never established that that small of a sample size could be sufficient or would be appropriate to admit it to evidence, and the prejudice certainly would outweigh any potential probative value that that could have. I'm not aware of a case where a sample size of four has been... But did the district court conduct that analysis about the prejudice outweighing the probative value? The district court seems to have excluded the evidence on the basis that, based on a case that talks about whether that evidence would be sufficient to establish a disclosure. I think, Your Honor, that the issue, regardless of that, is the same. Just admitting that group of four people for the purposes of showing that the plaintiff was trying to establish that it was evidence of age discrimination is the kind of statistical evidence that, without an analytical foundation, should not be admitted. I think the district court properly ruled that it shouldn't be admitted. Doesn't that go to weight rather than admissibility? I disagree, Your Honor. I do think it goes to admissibility. If that chart comes in, then it would prejudice the jury's view because there wouldn't be... Again, the plaintiff has put no evidence, established no foundation for why that chart should be admitted. This court has repeatedly held that's too small of a sample size for it to be admitted. What cases are you relying on? I'm going to grab my brief, Your Honor. Evan versus McClain of Georgia Inc. This is on page 13 of our brief. Statistics without any analytical foundation are virtually meaningless. This is also Mitchell versus the City of Lafayette. The statistical calculations proper by plaintiffs lack probative value as they were proper by their attorney and have not named an expert to establish proper analytical foundation. We go on to cite additional cases on pages 14 and into page 15. Are any of those cases about admissibility of evidence versus whether the plaintiff has made a prima facie case? McClain is not about admissibility of evidence. Wilson is not. Brown is not. Your Honor, I'd have to review those cases again, but I think the point that we also stress here is that this evidence wouldn't have had any impact on this verdict. The plaintiff told the court he disregarded the judge's ruling on that. You mean the plaintiff's lawyer? Plaintiff's lawyer, yes, Your Honor. Lawyers say it's not evidence. Every trial I've seen, Judge Murphy did that. Sure, Your Honor, but the point is that the information came in and the overwhelming evidence, even if the court had admitted those four statistics, overwhelming evidence was against. Well, I thought about this. This is a rift, and these were the people that were rifted, and then you showed the people in the same department who are not correct, and they were not over 40, and I thought about, well, why isn't it up to the defendant to come in and say, look, we have this division. Everybody's over 40, or this is statistically how this is going to come out when you have a rift. You're going to have a higher percentage of people over 40 because we have a higher percentage of people, so why doesn't that require you to show that? And to be clear, I just read his brief. He didn't fight me. He's got a rule about it. He just says in the statement of issues, he says it should have been admitted, but he doesn't address any of the things he's argued here in his brief, but besides that, it seems to me it can come in, but then you can respond to it and show it's not representative. I don't know that he's got to go discover how many people you have and do all that statistical work, so help me with that. Your Honor, if I understand the question, I mean, if he were allowed to know WPPA. The charge he's talking about is what you have to say. Yeah. Report to the government. Excuse me, Your Honor. In a reduction in force case, if you have more than two people, two or more people let go under the Older Workers Benefit Protection Act, you have to provide the positions and the ages of the people who are retained in the decisional unit and the positions and the ages of the people who were let go in the decisional unit. Yeah, so that's what I'm trying to say. Why isn't that at least admissible evidence? Now, the judge could be, which he did not do, say, well, I think that the prejudice outweighs the reliability or maybe the value of what here are numbers overall, not just in this decisional unit, but let's say in the business division versus the commercial division or however you want to slice it and dice it. You've got various divisions. You can put that in and say that's not what that statistics actually show. Right. If you do what you're supposed to do, which would have been the plainest burden to put that in. Well, why is that the plainest burden I'm saying? He's got the decisional unit. There's a reason why you have this form. It just seems like it meets the relevancy and reliability because it's what you reported and it would give to the defendant to show it's statistically unsound. Why am I missing? What am I missing? I think that that's what turns the burden around. I think if a plaintiff is going to rely on statistical evidence, which is what a plaintiff would be trying to do when relying on an OWBPA disclosure, i.e. saying, hey, everyone or vast majority of these folks are over 40, therefore that's evidence of age discrimination, then he has to apologize. No, no count what they're saying. Everybody who was was and here are all the people who aren't in the same unit and they're all under 40. I think, Your Honor, that's what the plaintiff in this kind of a case when they're trying to rely on the OWBPA disclosure to put that statistical evidence in. The court, in looking at the exhibit that was disallowed, there's one person that was over 40 that was retained, an administrative coordinator who was 62. The record here from the appellate... I know, that's why I should come in. It says what it says. It's being offered for statistical proof and it has no analytical foundation. There was no evidence, no argument, nothing put forth by the appellate. What you're about, who's supposed to put this statistical foundation? As you say, it has none whatsoever. No evidence was introduced, no argument was introduced to show that there was a legal basis for including this chart in and we think the authority on the other side is overwhelming. In addition, Your Honors, I don't think it would have had any impact on this verdict. That's what I was going to get to. Let's assume that the court erred. Why was there no substantial prejudice? You started to say because counsel mentioned an open argument, but as Judge Hall pointed out, the jury would have been instructed that what the lawyers say is not evidence. Based on the evidence, why was there no substantial prejudice? Because, Your Honor, the appellate had everything else that he wanted to put in front of the jury admitted, other than those two emails and I don't think they would have had any impact. Alan Holloway testified what he claimed Ted Mansfield told him in relation to what they claim was the reason Plaintiff was let go. They called Doug Sawyer, the lead estimator that was retained by the company, who's older than the that the jury didn't hear. They heard from all of his witnesses. When you look at the record, the questions he asked, the way he prepared his case, Judge Batten gave the plaintiff and plaintiff's counsel wide latitude here to present and put everything in. There wasn't an error in the jury instructions. Judge Batten didn't tell the jury that the plaintiff had to prove that he was replaced by someone younger. He said exactly what is the appropriate jury instruction for reduction in force. He said to succeed on his claim against DACA, this is page 169 of the jury instructions of the appellate record, Mr. Cantrell must prove each of the following facts by preponderance of the evidence. First, that Mr. Cantrell was a DACA's employee. Second, Mr. Cantrell was selected for termination. Third, DACA selected Mr. Cantrell for termination. And fourth, DACA took that action because of Mr. Cantrell's age. Now the thing that the appellant argues most about is the court's statement about what DACA's theory of the case was when it mentions Mr. Sawyer. Okay, that is a completely appropriate thing. It's consistent with the 11th Circuit's instructions. And the plaintiff stipulated at pretrial to the fact that Doug Sawyer was older than the plaintiff. So I think the jury saw this case for what it was. There was a reduction in force. There were two estimators, Mr. Cantrell and Mr. Sawyer. The company decided to eliminate one of those positions. It chose the younger of the two and put all the other estimators under Mr. Sawyer. The appellant complained about us mentioning that as some type of error when we are using what is standard and basic employment law about pointing to a comparator and pointing to what happened to the job after Mr. Cantrell was let go. That is an error that is not requiring him to prove that he was replaced by a younger person or anything like that. So when you look at the entire record, Your Honor, the evidence, it took the jury 21 minutes. They had the opportunity to hear from all of his witnesses. They heard from Mr. Holloway, who was his main witness, who he repeatedly relies on in his briefing and saying, well, this somehow because the summary judgment was denied that that somehow should have been evidence provided to the jury. There's no authority for any of that. The court properly handled the jury instructions in this court. The court properly handled the evidence that it excluded. I just want to quickly mention two things before my time is up. The first is the outrageous allegations in the appellant's brief that somehow counsel for DACA went into Judge Batten's chambers with witnesses during the trial. It is an utter fabrication. We never did that. We were in an attorney's workroom with witnesses and in a conference room in the Northern District of Georgia. The accusation is absolutely unexplainable and has no merit, no basis, in fact. There is no prejudice in addition to Ms. Redpath being an intern for Judge Batten 10 years before this case even went to trial. The accusation that Judge Batten was somehow biased in this case or he engaged in what would be incredibly inappropriate conduct to have counsel go back to his chambers is absolutely baseless and that really underscores this appeal. This appeal has no merit. The evidence was properly excluded. This was a case that went to a jury. It's a reduction in force case. The proper instructions were given and the jury reached the right Mr. Satcher, you have three minutes remaining for rebuttal. In this case, we had direct evidence. We had a testimony from Mr. Holloway that said that he was talking to the person who had just fired my client earlier that day and that person was that what he did was he took into account his age during retirement and how much money was made. Two things. Three things. His age during retirement and how much money was made and that's how he made his decision. That's direct evidence. But the jury heard that evidence, right? They heard it but they didn't hear what they heard was that Mr. Sawyer had taken his place because he did some of the jobs that were left over when my client left. Not that he had actually taken his place and they saw that this older person had taken over his job. That's what they did. Did anybody deny Mr. Holloway's testimony? Did anybody contradict it? I thought everybody Mr. Holloway. Well, the court didn't like it much. I know but did anybody take the stand and say I never said that to Mr. Holloway? I thought they all did. I think they all admitted that what they did. Mr. Holloway, yes, it's direct evidence but nobody contradicted that evidence. They never contradicted it but the court didn't give us the right to that statement. They said it was some evidence and not a direct evidence of discrimination and because of that it gave us a problem trying to go forward with our case because we had these other pieces of evidence that showed that we were telling the truth. Who did Mr. Holloway told him that? Mansfield. The guy that had just fired my client. Right. It was Burns that fired my client. Did Mansfield deny having said that to Holloway? I don't think so. Did Mansfield testify? Yes. And he never denied saying that? No. If that were enough then wouldn't you have won on summary judgment? Ma'am? If that were enough wouldn't you have won on summary judgment? Would there be a disputed question of the fact that he only sent it to the jury and let them decide? It would have been sent to the jury like that, yes. Oh, you all asked me a minute ago in answering your question about where the argument is. We go into the major argument in our reply brief, pages three through nine, but we test on it in our original brief at pages 12 through 13. You want me to go say that again? No, we got it. All right, I appreciate y'all's opportunity to be in the court. I will answer any other questions you might have, but I believe my time's up. Thank you. John, did you have anything to give back to the court? Yes. Counsel stated that no one contradicted Mr. Holloway's testimony. Mansfield testified and he denied making the statement, he denied it in an affidavit declaration on summary judgment, and he denied it on the stand. So the jury had the opportunity to weigh everybody's testimony. Thank you.